UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
UNITED STATES OF AMERICA

                        v.

ANTHONY PINEDA, *aka* ANT,

                        Defendant.

**MEMORANDUM & ORDER**
18-CR-302 (MKB)

---------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

      On August 14, 2019, Anthony Pineda pleaded guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A)(viii) and 846; possessing a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(a)(A)(i); and threatening physical violence in furtherance of a plan to extort in violation of 18 U.S.C. § 1951. (J. 1–2, Docket Entry No. 474; Minute Entry dated Aug. 14, 2019, Docket Entry No. 240.)  On November 30, 2021, the Court sentenced Pineda to 180 months of imprisonment on the conspiracy to distribute methamphetamine conviction; 180 months of imprisonment on the firearm conviction, sixty months of which to run consecutively to the conspiracy sentence; and five years in custody on the extortion conviction to run consecutively to the other two sentences. (*See* Minute Entry dated Nov. 30, 2021.)  On December 14, 2021, Pineda appealed his sentence, and on September 9, 2022, the Second Circuit Court of Appeals dismissed his appeal. (*See* Not. of Appeal, Docket Entry No. 479; Mandate of the U.S. Ct. of Appeals for the 2d Cir., Docket Entry No. 500.)

      On December 2, 2022, Pineda, proceeding *pro se*, moved to vacate his sentence pursuant

to 28 U.S.C. § 2255 and the Government opposed the application.[1] For the reasons discussed below, the Court denies Pineda's motion to vacate.

## I. Background

### a. Guilty plea

Pineda's guilty plea to three counts of a twelve-count indictment carried a combined statutory mandatory minimum sentence of fifteen years of imprisonment and a maximum sentence of life. (*See* Plea Agreement 2–3, annexed to Gov't Opp'n as Ex. A, Docket Entry No. 534-1.) Pineda pleaded guilty pursuant to a plea agreement with the government and agreed "not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence."[2] (*See id.* at 6.) The plea agreement also included a provision stating that "[n]othing in the foregoing waiver of appellate and collateral review rights shall preclude [Pineda] from raising a claim of ineffective assistance of counsel in an appropriate forum." (*Id.*)

### b. Appeal

Pineda appealed his sentence to the Second Circuit Court of Appeals and made several arguments in support of his appeal. (*See* Not. of Appeal; Br. of Appellant Pineda 22–26, *U.S. v. Gao*, No. 21-CR-3037 (June 6, 2022) ("Pineda App. Br.")). First, he argued that the appellate waiver in his plea agreement was invalid and unenforceable because the plea agreement lacked adequate consideration for his waiver of any challenge to a life sentence. (Pineda App. Br. 22–

---

[1] (Def.'s Mot. to Vacate ("Def.'s Mot."), Docket Entry No. 518; Gov't Resp. in Opp'n to Def.'s Mot. ("Gov't Opp'n"), Docket Entry No. 534.)

[2] Pineda also signed the Plea Agreement below a field that contained the statement: "I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily." (Plea Agreement 14.)

2

26.) Second, Pineda argued that the Court committed procedural errors at sentencing by making numerous mistakes in its calculation of the applicable Sentencing Guidelines range. (*Id.* at 26–49.) In support, Pineda argued that the Court's application of an obstruction of justice enhancement, (*id.* at 28–32), a two-level weapons enhancement under U.S.S.G. § 2D1.1(b)(1), and a two-level enhancement for use and threats of violence under U.S.S.G. § 2D1.1(b)(2), (*id.* at 32–41), constituted reversible procedural error. Pineda also argued that the Court's failure to explain its reasons for imposing a 180-month sentence on the extortion conviction, where the applicable sentencing range in the Presentence Investigation Report ("PSR") was 63–78 months, was procedurally unreasonable and the 180-month sentence was substantively unreasonable. (*Id.* at 41–45.) Third, Pineda argued that his counsel was ineffective for failing to object to the Presentence Investigation Report's factual findings and the guidelines enhancements for obstruction of justice, weapons, and credible threats as to his conviction for conspiracy to distribute methamphetamine. (*Id.* at 50–58.)

On September 9, 2022, the Second Circuit dismissed Pineda's appeal via summary order. (*See* Mandate of the U.S. Ct. of Appeals for the 2d Cir.) The Court held that:

> Appellant has not demonstrated that the plea agreement here is void for lack of consideration, *see United States v. Brunetti*, 376 F.3d 93, 95–96 (2d Cir. 2004); *United States v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993), or that his knowing, voluntary, and competent waiver of his appellate rights is otherwise unenforceable under *United States v. Gomez-Perez*, 215 F.3d 315, 318–19 (2d Cir. 2000).

(Mandate of the U.S. Ct. of Appeals for the 2d Cir.)

c. **The instant motion**

Pineda, proceeding *pro se*, now seeks to vacate his sentence pursuant to 28 U.S.C. § 2255. (Def.'s Mot.) In support, Pineda argues first, that counsel "was ineffective for failing to object to the PSR's [f]actual [f]indings" and for failing to object to the imposition of obstruction

3

of justice, weapons, and credible threats enhancements on the conspiracy to distribute methamphetamine conviction.  (*Id.* at 4, 14.)  Second, Pineda argues that the Court committed plain procedural error at sentencing by "making numerous mistakes in its calculations of the [a]pplicable Sentencing Guidelines [r]ange."  (*Id.* at 5, 14.)  Third, Pineda argues that the Government's motion to dismiss his appeal "should have been denied because the [a]ppellate [w]aiver is invalid and unenforceable" since the "[p]lea [a]greement lacked adequate consideration for Pindea's [w]aiver of any challenge to a life sentence."  (*Id.* at 7, 14.)

The Government opposes Pineda's motion arguing first that his challenges to the guidelines calculation are procedurally barred by the terms of his plea agreement and by the Second Circuit's decision on this issue, (Gov't Opp'n 7–9); and second that his ineffective assistance of counsel claims are meritless since his counsel's decisions were "plainly strategic" and because he was sentenced well below the Guidelines range, (*id.* at 9–11).

## II. Discussion

### a. Standard of review

Under 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner in custody pursuant to a sentence imposed by a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" if the "sentence was imposed in violation of the Constitution or laws of the United States" or if "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a); *see Gonzalez v. United States*, 792 F.3d 232, 238 (2d Cir. 2015) ("[A]ll challenges to a [federal] conviction and sentence can . . . be brought in a . . . § 2255 motion . . . ."); *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004) ("[Section] 2255 is the appropriate vehicle for a federal prisoner to challenge the *imposition* of his sentence."

4

(citing *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997))).  In order to prevail on a § 2255 petition, a petitioner must demonstrate "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  *Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 2000) (quoting *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995)).

"The mandate rule prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate."  *Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010).  It is therefore "well established that a § 2255 petition cannot be used to 'relitigate questions which were raised and considered on direct appeal.'"  *United States v. Sanin*, 252 F.3d 79, 83 (2001) (quoting *Cabrera v. United States*, 972 F.2d 23, 25 (2d Cir. 1992)); *see also, e.g.*, *Foster v. Chatman*, 578 U.S. 488, 519 (2016) (Alito, J., concurring) (noting that "as a general rule, federal prisoners may not use a motion under 28 U.S.C. § 2255 to relitigate a claim that was previously rejected on direct appeal"); *Williams v. United States*, 712 F. App'x 50, 52 (2d Cir. 2017) (same).

      **b.**   **Pineda's challenges to his sentence were decided on direct appeal**

The procedural and substantive challenges Pineda raises in his section 2255 petition were considered by the Second Circuit and dismissed as barred by the terms of his plea agreement. (*See* Mandate of the U.S. Ct. of Appeals for the 2d Cir.)  The Second Circuit considered Pineda's arguments regarding the enforceability of his appellate waiver, the Court's purported procedural errors at sentencing, and the alleged procedural and substantive unreasonableness of his sentence, and dismissed them because he had not shown that his appellate waiver was invalid. (*Id.*)  Because the Second Circuit considered and resolved these issues, the Court cannot further adjudicate them.  *See Sanin*, 252 F.3d at 83 ("It is well established that a § 2255 petition cannot

5

be used to 'relitigate questions which were raised and considered on direct appeal.'" (quoting *Cabrera*, 972 F.2d at 25)); *see also, e.g.*, *Foster*, 578 U.S. at 515 (Alito, J., concurring) (noting that "as a general rule, federal prisoners may not use a motion under 28 U.S.C. § 2255 to relitigate a claim that was previously rejected on direct appeal"); *Williams*, 712 F. App'x at 52 (same).

Accordingly, the Court dismisses Pineda's claims regarding the Court's purported sentencing errors and the invalidity of the plea agreement.

### c. Pineda's ineffective assistance of counsel claim

Pineda argues that the Court should resentence him due to the ineffectiveness of his counsel. (Def.'s Mot. 4, 14.) Although Pineda raised this argument on appeal, the Second Circuit did not directly address this claim in its decision. (*See* Mandate of the U.S. Ct. of Appeals for the 2d Cir. (dismissing Pineda's appeal on the grounds that "[a]ppellant has not demonstrated that the plea agreement here is void for lack of consideration").

"The Sixth Amendment right to counsel 'is the right to the effective assistance of counsel.'" *Buck v. Davis*, 580 U.S. 100, 118 (2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 686 (1984)); *see also Premo v. Moore*, 562 U.S. 115, 121–22 (2011) (setting forth the standard for ineffective assistance under *Strickland*). "A defendant who claims to have been denied effective assistance must show both that counsel performed deficiently and that counsel's deficient performance caused him prejudice." *Buck*, 580 U.S. at 118 (citing *Strickland*, 466 U.S. at 687); *see also Sexton v. Beaudreaux*, 585 U.S. ---, ---, 138 S. Ct. 2555, 2558 (June 28, 2018) ("To prove ineffective assistance of counsel, a petitioner must demonstrate both deficient performance and prejudice." (citing *Strickland*, 466 U.S. at 687)). "Recognizing the 'tempt[ation] for a defendant to second-guess counsel's assistance after conviction or adverse

6

sentence,' . . . counsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Cullen*, 563 U.S. at 189 (first alteration in original) (quoting *Strickland*, 466 U.S. at 690); *see also Bell v. Cone*, 535 U.S. 685, 698 (2002) (stating that "[j]udicial scrutiny of a counsel's performance must be highly deferential" and that "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time" (alterations in original) (quoting *Strickland*, 466 U.S. at 689)); *United States v. Rosemond*, 958 F.3d 111, 121 (2d Cir. 2020) (same) (quoting *Jackson v. Conway*, 763 F.3d 115, 153 (2d Cir. 2014)), *cert. denied*, 141 S. Ct. 1057 (Jan. 11, 2021). While it is possible that, in certain instances, even "an isolated error" can support an ineffective assistance claim, "it is difficult to establish ineffective assistance when counsel's overall performance indicates active and capable advocacy." *Harrington v. Richter*, 562 U.S. 86, 111 (2011).[3]

---

[3] The Second Circuit has "applied the mandate rule to bar [ineffective assistance of counsel claims brought pursuant to section 2255] raised and resolved on direct appeal." *Mui*, 614 F.3d at 53. The Circuit has also "applied the mandate rule to bar ineffective assistance claims in a [s]ection 2255 proceeding when the factual predicates of those claims, while not explicitly raised on direct appeal, were nonetheless impliedly rejected by the appellate court mandate." *Id.* However, the Circuit has indicated a preference for "refrain[ing] from considering an ineffective assistance claim on direct appeal" since a "'motion brought under [section] 2255 is preferable to direct appeal for deciding claims of ineffective assistance' because it allows for a decision on a developed record." *United States v. Montague*, 67 F.4th 520, 540 (2d Cir. 2023) (quoting *Massaro v. United States*, 538 U.S. 500, 504 (2003)). Thus, "the only barrier to raising ineffective assistance claims in a [s]ection 2255 proceeding after raising such claims on direct appeal is the mandate rule, i.e., strategies, actions, or inactions of counsel that gave rise to an ineffective assistance claim adjudicated on the merits on direct appeal may not be the basis for another ineffective assistance claim in a [s]ection 2255 proceeding." *Mui*, 614 F.3d at 57. The Court addresses Petitioner's claim on the merits and therefore declines to decide whether the mandate rule bars it from considering Pineda's ineffective assistance of counsel claim.

Pineda argues that his sentencing counsel "was ineffective for failing to object to the PSR's [f]actual [f]indings" and for failing to object to the imposition of obstruction of justice, weapons, and credible threats enhancements on the conspiracy to distribute methamphetamine conviction. (Def.'s Mot. 4, 14.) In support, Pineda argues that, had his counsel successfully objected to the Guidelines enhancements proposed by Probation and the Government, his guidelines range would have been 360 months to life, rather than life, and therefore he was prejudiced by having the Court consider its variance based on the starting point of a Guidelines range of life. (*See* Pineda App. Br. 52–58.) Pineda fails to provide support for his argument that his counsel's performance was deficient, and even if counsel's performance was deficient, he fails to show that he was prejudiced by his counsel's representation. Having reviewed the record and Pineda's arguments, and construing Pineda's petition "liberally and interpret[ing] [it] to raise the strongest arguments [it] suggest[s]," *Nowakowski v. New York*, 835 F.3d 210, 215 (2d Cir. 2016) (quoting *Wright v. Comm'r of Internal Revenue*, 381 F.3d 41, 44 (2d Cir. 2004)), the Court finds that there is no basis to conclude that Pineda's counsel's performance was deficient.

First, Pineda has not demonstrated that his counsel's decision not to directly object to the enhancements argued for by Probation and the Government was not strategic. *See Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) ("Recognizing the 'tempt[ation] for a defendant to second-guess counsel's assistance after conviction or adverse sentence,' . . . counsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" (first alteration in original) (quoting *Strickland*, 466 U.S. at 690)). Pineda's counsel argued vigorously that Pineda should be sentenced to fifteen years — the mandatory minimum sentence, and a sentence significantly below the Guidelines range Pineda argues would have been appropriate. (*See* Tr. of Crim. Cause

8

for Sent'g 13:16–21:6, 46:10–54:16 ("Sent'g Tr."), Docket Entry No. 492.)  Rather than arguing about the appropriateness of the enhancements, which would have involved a detailed review of Pineda's prior misconduct, Pineda's counsel instead chose to focus on the poor conditions of incarceration, Pineda's past history, and his family connections, and such a strategic decision does not support Pineda's argument that counsel's performance was deficient.  *Sexton*, 585 U.S. at ---, 138 S. Ct. at 2558; *see also, e.g.*, *Greiner v. Wells*, 417 F.3d 305, 319 (2d Cir. 2005) ("We will not normally fault counsel for foregoing a potentially fruitful course of conduct if that choice also entails a significant potential downside." (internal quotation marks omitted)).

Moreover, there is no indication that his performance prejudiced Pineda.  The Court imposed a sentence of 300 months, a sentence below the Guidelines range of 360 months to life that Pineda believes the Court would have considered absent his counsel's purported errors.  (*See* Pineda App. Br. 56.)  Further, the record indicates that the Court did not determine Pineda's sentence starting from the Guidelines range of life.  (*See* Sent'g Tr. 55:17–19 ("As everyone is in agreement, a sentence below the life guideline is warranted here.  There is no question about that.")).  Instead, the Court determined Pineda's sentence based on the range proposed by Pineda's counsel and the Government — 180 to 420 months.  (*See id.* at 55:22–56:4 (noting that Pineda "is asking for a sentence of ten years plus five" and "[t]he Government is asking for . . . 35 years," but sentencing Pineda to neither)).  Because the Court's starting point in determining Pineda's sentence was below the 360 months to life range Pineda argues the Court would have considered absent counsel's decision not to challenge the enhancements, Pineda cannot show that he was prejudiced by this decision.  Starting from the range of 180 to 420 months, the Court considered the section 3553 factors in determining the appropriate downward variance and ultimately arrived at the sentence of 360 months.  (*See id.* at 55:15–56:4.)  To reach this

sentence, the Court considered numerous factors that "weigh[ed] in favor of a substantial sentence," (*id.* at 57:20–21), including the quantity and purity of the methamphetamine Pineda sold, the fact that he sold it out of illegal gambling parlors all over the city, that he engaged in threats of violence and had others engage in violence on his behalf, that his enterprise spanned from Mexico to California to New York, and that he involved his 19-year-old brother in the enterprise. (*Id.* at 57:13–21.) The Court also considered Pineda's criminal history, much of which was not factored into his criminal history score, that he committed the crimes of conviction while on a conditional discharge, and the need to avoid sentencing disparities between co-defendants. (*Id.* at 57:22–58:15.) Finally, the Court considered letters from Pineda's family, his past, that he has a young daughter, and the courses he participated in while incarcerated. (*Id.* at 58:16–59:2.) Balancing all these factors, the Court determined that 360 months was the appropriate sentence for Pineda's conduct. (*Id.* at 59:3–12.) Pineda provides no indication that the Court's reasoning would have been altered by his counsel's objection to the proposed enhancements, and therefore has not shown that he was prejudiced by his counsel's decision. *See, e.g.*, *United States v. Gonzalez-Montes*, 443 F. App'x 644, 647 (2d Cir 2011) (concluding that counsel's failure to argue for a below-Guidelines sentence did not prejudice defendant since "the sentencing court could not have believed, based upon counsel's presentation, that [the defendant] did not want the lowest possible sentence").

### III. Conclusion

Accordingly, for the reasons explained above, the Court denies Pineda's motion to vacate his sentence.

Dated: September 26, 2023
       Brooklyn, New York

SO ORDERED:

         s/ MKB
MARGO K. BRODIE
United States District Judge